UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDRII FORYS,

        Petitioner,               Case No. 1:26-cv-149

v.                                         Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Am. Pet., ECF No. 2.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Am. Pet., ECF No. 2, PageID.45.) In an Order entered on January 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested

by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on January 23, 2026 (ECF No. 5), and Petitioner filed his reply on January 27, 2026 (ECF No. 6).

## II.     Factual Background

Petitioner is a native and citizen of Ukraine. (Am. Pet., ECF No. 1, PageID.35; Notice to Appear (NTA), ECF No. 2-3, PageID.53.) Petitioner entered the United States on September 26, 2023, near Newark, New York. (NTA, ECF No. 4-1, PageID.53.) Petitioner was released into the United States on humanitarian parole. (Am. Pet., ECF No. 2, PageID.35; January 8, 2026, I-94, ECF No. 2-1, PageID.48.) Petitioner's parole was set to expire on September 24, 2025. (Id., PageID.48–49.) Petitioner timely applied to renew his parole; his application remains pending. (Am. Pet., ECF No. 2, PageID.35.)

On October 30, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner near O'Hare Airport. (Record of Deportable/Inadmissible Alien, ECF No. 5-1, PageID.75–78.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-1.) Petitioner is scheduled for a master calendar hearing on January 29, 2026, in the Detroit Immigration Court. (Notice of In-Person Hearing, ECF No. 5-3.) The parties have not advised the Court regarding the outcome of that hearing.

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner remains subject to § 1225(b)(2) despite his prior parole pursuant to 8 U.S.C. § 1182(d)(5) because, at the time that Petitioner's parole expired, the INA required that Petitioner be "'returned to the custody from which he was paroled' and be 'dealt with in the same manner as that of any other applicant for admission to the United States.'" (Resp., ECF No. 5, PageID.65–66 (quoting 8 U.S.C. § 1182(d)(5)(A).) Respondents interpret that language to mean that Petitioner must be treated as if he was never paroled and is now subject to mandatory detention.

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). However, "applicants for admission may be temporarily released on parole [into the United States] 'for urgent humanitarian reasons or significant public benefit,'" as set forth in 8 U.S.C. § 1182(d)(5)(A). *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)). Then, "when the purpose of the parole has been served," § 1182(d)(5)(A) provides that "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in

3

the same manner as that of any other applicant for admission to the United States." *Jennings*, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

It is undisputed that Petitioner was, at one time, an "arriving alien," who was granted humanitarian parole into the United States as set forth in 8 U.S.C. § 1182(d)(5)(A). It is also apparent that Petitioner's parole has now expired.

As the court in *Coalition for Humane Immigrant Rights v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986 (D.D.C. Aug. 1, 2025) ("*Coalition*"), explained:

> [S]ection 1182(d)(5)(A) does not, as Defendants insist, say that parolees return, upon the termination or expiration of their parole, to "the position of an applicant for admission standing at the threshold of entry." ECF 26 at 46. Rather, the provision says that two things happen to such a parolee: (1) he "shall forthwith return or be returned to the custody from which he was paroled"; and (2) "thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." In other words, the noncitizen is physically brought back into immigration detention ("custody") and then legally continues to be treated as an "applicant for admission," because his parole itself did not constitute an admission. *See* 8 U.S.C. § 1182(d)(5)(A) (stating that parole "shall not be regarded as an admission of the alien"). That does not prove that the law treats the parole as if it never happened. At minimum, it recognizes that the parole physically happened, because it contemplates that the noncitizen must be returned to detention. Moreover, it does not imply a *return* to the status of an applicant for admission, because a noncitizen is already an "applicant[ ] for admission" while their parole is active. *See, e.g.*, *Biden v. Texas*, 597 U.S. 785, 806 [(2022)] ("[T]he INA expressly authorizes DHS to process applicants for admission under a third option: parole.") (citing 8 U.S.C. § 1182(d)(5)(A)).

*Coalition*, 2025 WL 2192986, at *24 (parallel citations omitted). Therefore, while § 1182(d)(5)(A) may permit Petitioner to be returned to ICE custody, there is "nothing in this text that affirmatively authorizes . . . indefinite detention . . . [t]o the contrary, it provides that, when parole is revoked, 'the alien shall . . . be returned to the custody from which he was paroled and thereafter "*his case shall continue to be dealt with in the same manner as that of any other applicant for admission.*"'" *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (emphasis in original). For the reasons previously set forth in detail in scores of cases, the Court has concluded that § 1226(a), not § 1225(b)(2)(A),

4

governs "any other applicant for admission" who has resided in the United States and was already within the United States when apprehended and arrested. *See, e.g., Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025). Section 1226(a) therefore governs Petitioner's detention.

In 2024, the Supreme Court held that "courts must exercise independent judgment in determining the meaning of statutory provisions" rather than deferring to agency interpretations when provisions are ambiguous. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024); *see also Herrera v. Bondi*, __ F.4th __, 2025 WL 3628592, at *3 (6th Cir. Dec. 15, 2025) (noting that "[u]nder *Loper Bright*, courts must exercise their independent judgment when interpreting the statutory provisions agencies administer" ).

This Court is not the first to undertake that interpretive task and this Court does not intend to reinvent that wheel. In *Qasemi*, 2025 WL 3654098, the United States District Court for the Southern District of New York offered pages of compelling analysis to support the unsurprising conclusion that, under the language of the statute, a noncitizen who arrived here—and was paroled in—had entered and, upon expiration of parole, was unlawfully present here. The *Qasemi* court concluded that the petitioner was "undoubtably within the United States pending the adjudication of his asylum claim" and, thus, "any determination as to Qasemi's detention must be conducted under the discretionary framework of Section 1226(a), which 'governs the process of arresting and

5

detaining noncitizens who have already entered the United States pending their removal.'" *Id.* at *12.[1] Respondents contrary interpretation is not entitled to deference.

Here, Petitioner physically arrived in the United States over two years ago, in 2023. Therefore, according to the plain language of the statute, Petitioner cannot be considered "arriving." Under § 1182(d)(5)(A), Respondents were authorized to take Petitioner into custody. However, Petitioner's detention is governed by § 1226(a), not § 1225.

## V.     Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice counsel, and a hearing before an immigration judge.

Nonetheless, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

---

[1] The *Qasemi* court is not the only court to so interpret the statute. The court cited a dozen other cases and noted that "[e]very court that this Court is aware of that has considered the question has determined the same." *Qasemi*, 2025 WL 3650498, at *11.

**VII.    Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Opinion and Judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the

alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security as Respondents.


Dated:      February 25, 2026                              /s/ Jane M. Beckering
                                                                         Jane M. Beckering
                                                                         United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.